**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

BOBBY D. CLAYTON,

    Petitioner,

    v.                                        Case No. 09-CV-965

WARDEN LARRY JENKINS,

    Respondent.

## **DECISION AND ORDER**

The pro se petitioner, Bobby Clayton, who is currently incarcerated at Fox Lake Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted as a party to a crime of armed robbery by use of force and as a felon in possession of a firearm, both with habitual criminality enhancers. By his petition, the petitioner challenges the June 22, 2006, judgment of conviction on the following grounds: ineffective assistance of counsel, prosecutorial misconduct, and judicial error.

By a decision and order dated July 19, 2010, this court denied the petitioner's motions for an evidentiary hearing and appointment of counsel, dismissed one of the petitioner's claims, and ordered the respondent to serve and file an answer, motion, or other response to the petition for a writ of habeas corpus by no later than August 23, 2010. The respondent filed an answer to the petition on August 18, 2010. The petitioner filed a rebuttal to the answer on September 10, 2010.

On August 16, 2010, the petitioner filed two motions. The first is a "Motion for Time Extension Pursuant to Civil L.R. 7.1." (Docket # 16). The second is a "Motion for Newly Discovered Evidence Pursuant to Fed. R. Crim. P. 12(b)." (Docket # 17). On October 12, 2010, the petitioner filed a "Motion for Alternative Dispute Resolution - Participation in Process Pursuant to Civil L.R. 16.5(a)." (Docket # 21). These motions will be addressed herein. This court also will issue a scheduling order to facilitate the resolution of the issues set forth in the petition for a writ of habeas corpus.

## **Motion for an Extension of Time**

The petitioner moves this court for a 30-day extension of time "in which to decide if he is going to file an interlocutory appeal on the Court Order or file formal objection on the record for appeal purposes." (Petitioner's Motion for Time Extension Pursuant to Civil L.R. 7.1 [Motion for Extension] at 2). As an initial matter, it is unclear whether the petitioner is seeking an extension of time to object to this court's order pursuant to Gen. L.R. 72(c)[1] or to file an interlocutory appeal to the court of appeals for this circuit, in which case the motion would be governed by Fed. R. App. P. 4. Therefore, this court will address the motion under both rules.

General Local Rule 72(c) states that "[i]n criminal cases and in civil cases in which the parties have not consented to magistrate judge jurisdiction, objections to a determination by the magistrate judge are governed by Fed. R. Civ. P. 72 and Fed. R. Crim. P. 59." This is a civil case, but the petitioner consented to magistrate judge jurisdiction on October 21, 2009,

---

[1] The title of petitioner's motion refers to Civ. L. R. 7.1. However, as that rule applies to disclosure statements, this court will assume that the petitioner intended to refer to Gen. L. R. 72(c), which pertains to filing objections to a decision of a magistrate judge.

and the respondent consented to the same on October 30, 2009. Given that both parties in this case have consented to magistrate judge jurisdiction, this rule is inapplicable.

Rule Four of the Federal Rules of Appellate Procedure sets forth the time limits for filing an appeal. According to that rule, a district court may extend the time for filing a notice of appeal provided that the moving party requests the extension no later than 30 days after the time for filing an appeal expires and shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(i) and (ii). In this case, the petitioner's motion for an extension of time was timely filed. However, the petitioner only states that he would like more time so that he may further consider filing an appeal and because he is conferring with another prisoner currently incarcerated in a different facility. This does not amount to a showing of good cause or excusable neglect. Moreover, this court notes that more than 60 days have elapsed since the date the prisoner filed this motion, and he has not yet filed a notice of appeal. Accordingly, the petitioner's motion for an extension of time to file an appeal of this court's July 19, 2010, order will be denied.

**Motion for New Evidence**

The petitioner moves this court to consider new evidence which he asserts would have changed the outcome of his trial.[2] The petitioner contends that he recently obtained an affidavit from an alibi witness which he maintains establishes that he could not have committed the crimes for which he was convicted. The petitioner also states the he told his trial counsel and his appellate counsel about the affiant and that they failed to present this evidence at trial

---

[2] The petitioner's motion states that it is made pursuant to Fed. R. Crim. P. 12(b), but this rule addresses pretrial motions and is inapplicable to this case. Thus, this court will address the motion under the framework of federal habeas law.

- 3 -

or on appeal. Finally, the petitioner asserts that he raised this issue in a motion for postconviction relief which was denied on October 6, 2009.

It appears that the petitioner is attempting to assert an additional ground for habeas relief via this motion. If so, the law is clear that "the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." Herrera v. Collins, 506 U.S. 390, 400 (1993) (quoting Townsend v. Sain, 372 U.S. 293, 317 [1963]). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact." Id. Federal courts are empowered to grant habeas relief only on a showing that a defendant has been denied rights guaranteed under the Constitution or laws of the United States. Coogan v. McCaughtry, 958 F.2d 793, 801 (7th Cir. 1992).

Under a literal interpretation of the relevant law, courts have no power to grant habeas corpus relief based upon new evidence, even if that evidence might establish the petitioner's actual innocence. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera, 506 U.S. at 400.[3] Under a more liberal application of this rule, the newly discovered evidence must still be "so compelling that it would be a violation of the fundamental fairness embodied in the Due Process Clause not to afford a defendant a new trial at which the evidence could be considered." Coogan, 958 F.2d at 801 (internal quotations omitted).

---

[3] This rule thus leaves room for those new evidence claims that are not "freestanding," Herrera, 506 U.S. at 404-05, but relate to a separate constitutional deprivation, such as a prosecutor's failure to comply with Brady v. Maryland, 373 U.S. 83 (1963).

- 4 -

Therefore, to the extent the petitioner is attempting to assert a new ground for relief, newly discovered evidence in and of itself is not a ground for habeas relief. Moreover, this court notes that this evidence is not newly discovered. The petitioner acknowledges in his motion that he was aware of this alibi before his trial. The petitioner also states that he told three of his attorneys of the existence of the alibi, and also raised the issue in a motion for post-conviction relief. Accordingly, the petitioner's motion for newly discovered evidence will be denied.

## **Motion Requesting Alternative Dispute Resolution**

The petitioner requests alternative dispute resolution, stating that it would be "more logical" because the person who is helping the petitioner with this case is incarcerated in a different facility and it takes too much time to get photocopies made for the court and the respondent.[4] (Petitioner's Motion for Alternative Dispute Resolution at 1). The petitioner also asserts that the opportunity to participate in alternative dispute resolution would allow him to explain certain facts and issues to the court, which he enumerates in the motion.

Civil Local Rule 16(d)(1) provides that judges may conduct a conference during the early stages of litigation to determine whether a civil case is appropriate for alternative dispute resolution. However, pursuant to Civ. L.R. 16(d)(2), "habeas corpus cases or other proceedings to challenge a criminal conviction or sentence" are exempt from this procedure. Alternative dispute resolution is not available for habeas petitions. Accordingly, the petitioner's motion for alternative dispute resolution will be denied.

---

[4] The petitioner's motion states that it is made pursuant to Civ. L.R. 16.5(a). However, the local rule which addresses alternative dispute resolution for civil matters is Civil L.R. 16(d).

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's motion for an extension of time be and hereby is **denied**. (Docket # 16).

**IT IS FURTHER ORDERED** that the petitioner's motion for newly discovered evidence be and hereby is **denied**. (Docket # 17).

**IT IS ALSO ORDERED** that the petitioner's motion for alternative dispute resolution be and hereby is **denied**. (Docket # 21).

**IT IS FURTHER ORDERED** that the parties shall proceed upon the following briefing schedule:

1. The petitioner shall serve and file his brief in support of his petition no later than **November 18, 2010**.

2. The respondent shall serve and file his opposing brief no later than **December 20, 2010**.

3. The petitioner shall serve and file a reply brief, if any, on or before **January 4, 2011**.

Dated at Milwaukee, Wisconsin this 19th day of October, 2010.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge